```
                IN THE UNITED STATES DISTRICT COURT

               FOR THE EASTERN DISTRICT OF CALIFORNIA


JUDY K. STANLEY,                      No.  CIV.S-04-1129 DAD

          Plaintiff,

     v.                               ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

          Defendant.
_____/
```

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for judgment on the pleadings and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Judy Kay Stanley applied for Supplemental Security Income and Disability Insurance Benefits under Title XVI of the Social Security Act (the "Act"), respectively. (Transcript (Tr.)

1

at 43-45, 204-07.)  The Commissioner denied plaintiff's applications initially and on reconsideration.  (Tr. at 27-30, 33-37.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on December 8, 2003, at which time plaintiff was represented by counsel.  (Tr. at 222-38.)  In a decision issued on February 17, 2004, the ALJ determined that plaintiff was not disabled.  (Tr. at 10-19.)  The ALJ entered the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's depression is a "non-severe" impairment, based on the requirements in the Regulations (20 CFR §§ 404.1520 and 416.920).
>
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity for work at all levels of exertion.  She is slightly limited in interacting appropriately with the public, supervisors, and co-workers.  She is slightly limited in responding appropriately to work pressures in a usual work-setting.  She has no exertional limitations.

2

       7.    In view of the claimant's residual functional capacity, she is not precluded from her past relevant work as a teacher/tutor, clerk, legal assistant, and administrative assistant (20 CFR § 404.1565 and 416.965). However, even if past relevant work is not feasible, the undersigned will proceed with the sequential evaluation.

       8.    The claimant is an "individual of advanced age" (20 CFR §§ 404.1563 and 416.963).

       9.    The claimant has "more than a high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

      10.    The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

      11.    The claimant has no exertional limitations (20 CFR §§ 404.1545 and 416.945).

      12.    Considering the range of work at all levels that the claimant is still functionally capable of performing, in combination with her age, education, and work experience, and using section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, the claimant is not disabled.

      13.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(Tr. at 18-19.) The Appeals Council declined review of the ALJ's decision on May 24, 2004. (Tr. at 5-8.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on June 8, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

1    In determining whether or not a claimant is disabled, the
2 ALJ should apply the five-step sequential evaluation process
3 established under Title 20 of the Code of Federal Regulations,
4 Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137,
5 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances three arguments in her motion for judgment on the pleadings.  First, plaintiff asserts that the ALJ

5

erred in not finding plaintiff's alleged depression to be a severe impairment at step two of the sequential evaluation. Second, plaintiff maintains that the ALJ improperly rejected the opinion of plaintiff's treating psychiatrist. Third, plaintiff argues that the ALJ should have heard testimony from a vocational expert. The court addresses plaintiff's arguments below.

Beginning with plaintiff's first argument, it is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Yuckert, 482 U.S. at 153. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Smolen, 80 F.3d at 1290 (citations omitted). See also 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). It has been recognized that the step-two inquiry is but "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Yuckert, 482 U.S. at 153-54). See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

Plaintiff argues that the ALJ failed to recognize her depression as a severe impairment.  However, the administrative record contains substantial evidence supporting the ALJ's determination in this regard.  While the two nonexamining state agency physicians reviewing plaintiff's case found her depression to be severe, each of those physicians -- who rendered their opinions in August and November, 2002, respectively -- opined that the depression was not expected to last twelve months.[1]  (Tr. at 144-63.)  Their findings were borne out by the September 13, 2003, opinion of Bradley Daigle, M.D., an examining psychiatrist.  (Tr. at 189-96.)  Dr. Daigle conducted an independent examination of plaintiff and found her only slightly limited in interacting with others and responding to usual work pressures.  (Tr. at 194, 196.)  The mild nature of plaintiff's depression is also reflected in the detailed treatment notes prepared by Dr. Vinita Wadhwani, plaintiff's treating psychiatrist, in mid- to late-2003.  During that period Dr. Wadhwani observed that plaintiff was "very happy" at her job (Tr. at 203); doing "very well" on her current combination of medications despite the stresses of her job (Tr. at 202-03); "able to stay on track and socialize pretty nicely" despite "feeling a little bit more depressed" due to work stress (Tr. at 201); "remain[ing] fairly positive despite working long hours at times and having little time

---

[1] "Disability" under the act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a) and 416.905.

7

for herself" (Tr. at 200); displaying good comprehension, conversation skills, concentration and attention span (id.); and "doing very well" despite "some 'down moments'" (Tr. at 199).  For these reasons, the court finds plaintiff's challenge regarding step two of the sequential evaluation to be unpersuasive.  Substantial evidence supports the finding that plaintiff's alleged depression has no more than a minimal effect on plaintiff's ability to work.

Plaintiff's next contention is that the ALJ improperly rejected the assessment form filled out by Dr. Wadhwani on August 4, 2003.  (Tr. at 186-88.)  It is well-established that the medical opinion of a treating physician is entitled to special weight.  See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."  Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)).  "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons."  Id. (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).  "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  Id. (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

In discounting Dr. Wadhwani's indications that plaintiff suffered from various "moderate" and "marked" limitations due to her

depression (Tr. at 187-88), the ALJ appropriately found that such severe findings were not supported by Dr. Wadhwani's more detailed treatment notes made during the same time period (Tr. at 198-203). The ALJ also accurately explained that Dr. Wadhwani's opinion was contradicted by other medical evidence in the record such as the opinions of the nonexamining state agency physicians and Dr. Daigle. As stated above, Dr Daigle independently examined plaintiff. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence[.]").

For these reasons, the court finds that the ALJ properly evaluated the various medical opinions in the record and rejected the limitations assessed by Dr. Wadhwani based on specific and legitimate reasons supported by substantial evidence in the record.

Finally, plaintiff argues that the ALJ should have heard testimony from a vocational expert due to plaintiff's alleged nonexertional impairments.[2] At the fifth and final step of the sequential evaluation process, the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and

---

[2] While the ALJ found plaintiff to have no severe impairments at step two of the sequential evaluation, presumably out of an abundance of caution the ALJ nonetheless completed all five steps of the sequential evaluation process.

9

work experience, by either (1) applying the Medical-Vocational Guidelines (the "grids") in appropriate circumstances or (2) taking the testimony of a vocational expert ("VE").  See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

The grids are designed to show available work in the national economy for individuals with exertional (i.e., strength) limitations, as impacted by the factors of age, education, and work experience.  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e). They may be utilized as long as they "accurately and completely describe the claimant's abilities and limitations."  Burkhart, 856 F.2d at 1340 (citing Jones, 760 F.2d at 998).  See also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998); 20 C.F.R. Pt. 404, Subpart P, App. 2, § 200.00(b).  However, when a claimant's nonexertional limitations are sufficiently severe to significantly limit the range of work permitted by exertional limitations, the grids are inapplicable.  See Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577; see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).

In arguing that the ALJ erred in relying on the grids, plaintiff asserts that the ALJ should have heard from a vocational expert due to plaintiff's nonexertional limitations related to her alleged depression.  However, as explained below, the ALJ did not err in finding that plaintiff's alleged depression has no more than a minimal effect on plaintiff's ability to work.  Therefore, testimony from a vocational expert was not necessary under the circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for judgment on the pleadings is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: August 16, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\stanley1129.order

11